UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------------X

| | |
|---|---|
| URBANO ORTIZ NUNES, on behalf of himself and all others similarly situated, and OSCAR CANALES, PEDRO ANTONIO PORTILLO ROMERO, and HEMBER GONZALEZ ESCOBAR, individually, | : : : : : | **Case No.: 16 Civ. 6207** |

**COMPLAINT**

Plaintiffs,

- against -

ROB-GLEN ENTERPRISES, INC. d/b/a COMMACK HAND
CAR WASH, and BRUCE KLEIN, an individual,

Defendants.

---------------------------------------------------------------------------X

Plaintiffs Urbano Ortiz Nunes (the "Class Representative"), on behalf of himself and all other similarly situated, and Oscar Canales, Pedro Antonio Portillo Romero, and Hember Gonzalez Escobar, individually (collectively "Plaintiffs") by and through their attorneys, Shulman Kessler LLP, complaining of the Defendants Rob-Glen Enterprises, Inc. and Bruce Klein (collectively the "Defendants"), allege as follows:

## PRELIMINARY STATEMENT

1.      This lawsuit seeks to recover minimum wages, unpaid overtime compensation, misappropriated tips, and other wages for Plaintiffs and their similarly situated co-workers who have worked for Defendants as car wash laborers.

2.      Plaintiffs bring this action seeking monetary damages and affirmative relief based upon Defendants' violations of the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. § 201, *et seq.*, the New York Labor Law ("NYLL"), and other appropriate rules, regulations, statutes and ordinances.

3.      Defendants operate a car wash within the State of New York.  Plaintiffs Urbano Ortiz Nunes and Oscar Canales were employed by Defendants, at various points in time, as car wash laborers, who regularly worked over 40 hours per week, but were not compensated properly for the overtime hours worked.

4.      Defendants failed to track their car wash laborers' hours worked.

5.      At all times relevant, Defendants applied to tip-credit to Plaintiffs wages, and paid Plaintiffs a reduced minimum wage rate.

6.      Defendants, however, have not satisfied the strict notice requirements under the FLSA and the NYLL that would allow them to pay a reduced minimum wage (i.e. - take a "tip credit") to Plaintiffs.

7.      Accordingly, Defendants maintain a policy and practice whereby it fails to pay Plaintiffs the proper minimum wage rate under the FLSA and NYLL.

8.      Defendants maintain a policy and practice whereby it retains a portion of Plaintiffs and similarly situated car was laborers' tips from customers.

9.      Defendants are not entitled to tips under the FLSA and NYLL.

10.      Accordingly, Plaintiffs are entitled to the full minimum wages for all hours worked and overtime wages calculated at time and a half of the full minimum wage for all hours worked due to Defendants' misappropriation of Plaintiffs' tips.

11.      Plaintiff Urbano Ortiz Nunes ("Nunes") brings this action on behalf of himself and all similarly situated current and former car wash laborers of Defendants pursuant to the FLSA.

2

12.     Plaintiff Nunes also seeks permission to give notice of this action pursuant to 29 U.S.C. § 216(b) to all persons who are presently, or have at any time during the 3 years immediately preceding the filing of this action, worked for Defendants as a car wash laborer.

## JURISDICTION & VENUE

13.     Jurisdiction of the Court over this controversy is based upon 29 U.S.C. § 201, *et seq.*, 28 U.S.C. §§ 1331 and 1337 and the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

14.     This Court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367.

15.     At all times herein mentioned, Defendant Rob-Glen Enterprises, Inc. is a domestic corporation doing business in the State of New York.

16.     Defendant Rob-Glen Enterprises, Inc. does business in the State of New York, within the Eastern District of New York, maintaining a place of business at 2207 Jericho Turnpike, Commack, New York 11725.

17.     Accordingly, this action properly lies in the Eastern District of New York, pursuant to 28 U.S.C. § 1391.

## THE PARTIES

### *Plaintiff Urbano Ortiz Nunes*

18.     Plaintiff Nunes is a resident of the County of Suffolk, State of New York.

19.     At all times relevant to the Complaint, Plaintiff Nunes has been an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and N.Y. Lab. Law § 190(2).

20.     At all times relevant, Plaintiff Nunes has been employed by Defendants as a car wash laborer.

21.     Plaintiff Nunes has expressed his consent to make these claims against Defendants by filing a written consent form, pursuant to 29 U.S.C. § 216(b).  (*See* Exhibit A, annexed hereto).

**Plaintiff Oscar Canales**

22.     Plaintiff Oscar Canales ("Canales") is a resident of the County of Suffolk, State of New York.

23.     At all times relevant to the Complaint, Plaintiff Canales has been an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and N.Y. Lab. Law § 190(2).

24.     At all times relevant, Plaintiff Canales has been employed by Defendants as a car wash laborer.

25.     Plaintiff Canales has expressed his consent to make these claims against the Defendants by filing a written consent form, pursuant to 29 U.S.C. § 216(b).  (*See* Exhibit A, annexed hereto).

**Plaintiff Pedro Antonio Portillo Romero**

26.     Plaintiff Pedro Antonio Portillo Romero ("Romero") is a resident of the County of Suffolk, State of New York.

27.     At all times relevant to the Complaint, Plaintiff Romero has been an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and N.Y. Lab. Law § 190(2).

28.     At all times relevant, Plaintiff Romero has been employed by Defendants as a car wash laborer.

29.     Plaintiff Romero has expressed his consent to make these claims against the Defendants by filing a written consent form, pursuant to 29 U.S.C. § 216(b).  (*See* Exhibit A, annexed hereto).

### Plaintiff Hember Gonzalez Escobar

30.     Plaintiff Hember Gonzalez Escobar ("Escobar") is a resident of the County of Suffolk, State of New York.

31.     At all times relevant to the Complaint, Plaintiff Escobar has been an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e) and N.Y. Lab. Law § 190(2).

32.     At all times relevant, Plaintiff Escobar has been employed by Defendants as a car wash laborer.

33.     Plaintiff Escobar has expressed his consent to make these claims against the Defendants by filing a written consent form, pursuant to 29 U.S.C. § 216(b).  (*See* Exhibit A, annexed hereto).

### Defendant Rob-Glen Enterprises, Inc.

34.     Upon information and belief, Defendant Rob-Glen Enterprises, Inc. was and still is a domestic corporation organized and existing pursuant to the laws of the State of New York.

35.     Upon information and belief, Defendant Rob-Glen Enterprises, Inc.'s principal place of business was and still is located at 2207 Jericho Turnpike, Commack, New York 11725.

36.     Upon information and belief, and at all times hereinafter mentioned, Defendant Rob-Glen Enterprises, Inc. was and still is engaged in the car wash business.

37.     Upon information and belief, Defendant Rob-Glen Enterprises, Inc. was and still is doing business as Commack Hand Car Wash.

38.     At all times hereinafter mentioned, Defendant Rob-Glen Enterprises, Inc. was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and N.Y. Lab. Law § 190(3).

***Defendant Bruce Klein***

39.     Upon information and belief, and at all times hereinafter mentioned, Defendant Bruce Klein owns and/or operates Defendant Rob-Glen Enterprises, Inc.

40.     Upon information and belief, and at all times hereinafter mentioned, Defendant Bruce Klein is the President of Defendant Rob-Glen Enterprises, Inc.

41.     Upon information and belief, and at all times hereinafter mentioned, Defendant Bruce Klein is the Vice-President of Defendant Rob-Glen Enterprises, Inc.

42.     Upon information and belief, and at all times hereinafter mentioned, Defendant Bruce Klein is a shareholder of Defendant Rob-Glen Enterprises, Inc.

43.     Upon information and belief, and at all times hereinafter mentioned, Defendant Bruce Klein is a corporate officer of Defendant Rob-Glen Enterprises, Inc.

44.     Upon information and belief, and at all times hereinafter mentioned, Defendant Bruce Klein is the Chief Executive Officer of Defendant Rob-Glen Enterprises, Inc.

45.     Upon information and belief, and at all times hereinafter mentioned, Defendant Bruce Klein is an agent of Defendant Rob-Glen Enterprises, Inc.

46.     Upon information and belief, and at all times hereinafter mentioned, Defendant Bruce Klein has the authority over personnel decisions for Defendant Rob-Glen Enterprises, Inc.

47.     Upon information and belief, and at all times hereinafter mentioned, Defendant Bruce Klein has the authority over payroll decisions for Defendant Rob-Glen Enterprises, Inc.

48.     Upon information and belief, and at all times hereinafter mentioned, Defendant Bruce Klein supervises employees of the Defendant Rob-Glen Enterprises, Inc.

49.     Upon information and belief, and at all times hereinafter mentioned, Defendant Bruce Klein has the authority to hire and fire employees for Defendant Rob-Glen Enterprises, Inc.

50.     Defendant Bruce Klein has the power to make binding decisions for Defendant Rob-Glen Enterprises, Inc.

51.     Defendant Bruce Klein has the power to transfer the assets or liabilities of Defendant Rob-Glen Enterprises, Inc.

52.     Defendant Bruce Klein has the power to declare bankruptcy on behalf of Defendant Rob-Glen Enterprises, Inc.

53.     Defendant Bruce Klein has the power to enter into contracts on behalf of Defendant Rob-Glen Enterprises, Inc.

54.     At all times hereinafter mentioned, Defendant Bruce Klein was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and N.Y. Lab. Law § 190(3).

55.     At all times hereinafter mentioned, the activities of Defendant Rob-Glen Enterprises, Inc. constituted an "enterprise" within the meaning of Section 3(r) & (s) of the FLSA, 29 U.S.C. § 203(r) & (s).

56.     At all times hereinafter mentioned, Defendant Rob-Glen Enterprises, Inc. employed employees, including Plaintiffs herein, who regularly engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of Section 3(b), (g), (i) and (j) of the

FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r) & (s)(A)(i).

57. At all times hereinafter mentioned, Defendant Rob-Glen Enterprises, Inc.'s annual gross volume of sales made or business done is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

## FLSA COLLECTIVE ACTION CLAIMS

58. Plaintiff Nunes brings the First Cause of Action, pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of himself and all similarly situated persons who work or have worked for Defendants as a car wash laborers within the last 3 years and who elect to opt-in to this action.

59. Upon information and belief, there are approximately more than 50 current and former car wash laborers that are similarly situated to Plaintiffs who were denied overtime compensation and minimum wages.

60. Plaintiff Nunes represents other car wash laborers, and is acting on behalf of Defendants current and former car wash laborers' interests as well as his own interests in bringing this action.

61. Defendants unlawfully required Plaintiff Nunes and other individuals employed as car wash laborers to work in excess of 40 hours per week without paying them overtime compensation at a rate of at least 1 and ½ times their regular hourly rate.

62. Defendants unlawfully denied Plaintiffs and all individuals employed as car wash laborers the proper minimum wage for all hours worked.

63. Plaintiff Nunes seeks to proceed as a collective action with regard to the First and Third Causes of Action, pursuant to 29 U.S.C. § 216(b) on behalf of himself and the following class of persons:

8

> All car wash laborers who are currently or have been employed by Defendants (hereinafter referred to as the "FLSA Collective") at any time during the 3 years prior to the filing of their respective consent forms (hereinafter referred to as the "Collective Period").

64.     Defendants were aware or should have been aware that the law required it to pay their car wash laborers, including Plaintiff Nunes and the FLSA Collective, an overtime premium of 1 and ½ times their regular rate of pay for all work-hours Defendants suffered or permitted them to work in excess of 40 per workweek.  Upon information and belief, Defendants applied the same unlawful policies and practices to all of their car wash laborers.

65.     Defendants were aware or should have been aware that the law requires they provide their car wash laborers notice of Defendants' application of a tip-credit on the car wash laborers' minimum wage.  Plaintiffs and the FLSA Collective are entitled to the full minimum wages for all hours Defendants suffered or permitted them to work as a result of Defendants' failure to provide proper notice under the FLSA of their application of a tip-credit to their pay.  Upon information and belief, Defendants applied the same unlawful policies and practices to all of their car wash laborers.

66.     The FLSA Collective is readily identifiable and locatable through the use of the Defendants' records.  The FLSA Collective should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).  Unless the Court promptly issues such a notice, the FLSA Collective, who have been unlawfully deprived of overtime pay and minimum wages in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by Defendants.

## FEDERAL RULE OF CIVIL PROCEDURE RULE 23
## CLASS ALLEGATIONS

67.     Plaintiff Nunes brings the Second, Fourth, Fifth, and Sixth Causes of Action on behalf of those similarly situated, pursuant to Fed. R. Civ. P. 23(a) and (b) (hereinafter, the "Rule 23 Class").  The sub-classes of the Rule 23 Class are defined as:

   a.     All car wash laborers who were employed by Defendants and worked more than 40 hours per week, at any time during the 6 years prior to the filing of this Complaint to the entry of the judgment in the case (hereinafter referred to as the "NYLL Overtime Class").

   b.     All car wash laborers who were employed by Defendants and were denied proper notice pursuant to the NYLL of Defendants application of a tip-credit to their wages, at any time during the 6 years prior to the filing of this Complaint to the entry of the judgment in the case (hereinafter referred to as the "NYLL Minimum Wage Class").

   c.     All car wash laborers who were employed by Defendants and whose tips were misappropriated at any time during the 6 years prior to the filing of this Complaint to the entry of the judgment in the case (hereinafter referred to as the "NYLL Tip Class").

   d.     All car wash laborers who Defendants employed and hired at any time from April 9, 2011 through the present, and who were not provided the proper wage notice pursuant to N.Y. Lab. Law § 195(1) (hereinafter, the "Wage Notice Class").

   e.     All car wash laborers who Defendants employed at any time from April 9, 2011 through the present, and who were not provided the proper wage statement pursuant to N.Y. Lab. Law § 195(3) (hereinafter, the "Wage Statement Class").

68.     The members of the Rule 23 Class ("Rule 23 Class Members") are readily ascertainable.  The number and identity of the Rule 23 Class Members are determinable from the Defendants' records.  The hours assigned and worked, the positions held, and the rates of pay for

each Rule 23 Class Member are also determinable from Defendants' records.  For the purpose of

notice and other purposes related to this action, their names and addresses are readily available

from Defendants.  Notice can be provided by means permissible under Rule 23.

69.     The Rule 23 Class Members are so numerous that joinder of all members is

impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

70.     Upon information and belief, there are at least 80 individuals in the Rule 23 Class.

71.     Plaintiff Nunes' claims are typical of those claims which could be alleged by any

Rule 23 Class Member, and the relief sought is typical of the relief which would be sought by

each Rule 23 Class Member in separate actions.

72.     All Rule 23 Class Members were subject to the same corporate practices of

Defendants, as alleged herein, of failing to pay overtime, failing to pay minimum wage, failing to

provide notice of a the application of a tip-credit, improperly retaining car wash laborers' tips,

failing to provide proper wage statements, and failing to provide proper wage and hour notices.

73.     Plaintiff Nunes and the Rule 23 Class Members have all sustained similar types of

damages as a result of Defendants' failure to comply with the NYLL.

74.     Plaintiff Nunes and the Rule 23 Class Members have all been injured in that they

have been uncompensated or under-compensated due to Defendants' common policies, practices,

and patterns of conduct.  Defendants' corporate-wide policies and practices affected all Rule 23

Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful

acts as to each of the Rule 23 Class Members.

75.     Plaintiff Nunes and other Rule 23 Class Members sustained similar losses,

injuries, and damages arising from the same unlawful policies, practices, and procedures.

11

76.     Plaintiff Nunes is able to fairly and adequately protect the interests of the Rule 23 Class Members and has no interests antagonistic to the Rule 23 Class Members.

77.     Plaintiff Nunes is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many employees in wage and hour class actions.

78.     A class is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporations.  Class action treatment will permit a large number of similarly situated persons to protect their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.  Because the losses, injuries, and damages suffered by each of the individual Rule 23 Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Rule 23 Class Member to redress the wrongs done to them.  On the other hand, important public interests will be served by addressing the matter as a class action.  The adjudication of individual claims would result in a great expenditure and public resources; however, treating the claims as a class action would result in a significant saving of these costs.  The prosecution of separate actions by individual Rule 23 Class Members would create a risk of inconsistent and/or varying adjudications with respect to the individual Rule 23 Class Members, establishing incompatible standards of conduct for Defendants and resulting in the impairment of the Rule 23 Class Members' rights and the disposition of their interests through actions to which they were not

parties.  The issues in this action can be decided by means of common, class-wide proof.  In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

79.     Upon information and belief, Defendants violated the NYLL.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment.  Class actions provide class members who are not named in the statement of claim a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

80.     Plaintiff Nunes' claims are properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

81.     The Second, Fourth, Fifth, and Sixth Causes of Action are properly maintainable as a class action under Fed. R. Civ. Pro. 23(b)(3).  There are questions of law and fact common to the Rule 23 Class that predominate over any questions solely affecting individual members of the Rule 23 Class, including but not limited to:

a.     whether Defendants failed to keep accurate time records for all hours worked by Plaintiffs and the Rule 23 Class;

b.     what proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records;

c.     whether Defendants failed to pay proper compensation to Class Representative and the NYLL Overtime Class for all work-hours in excess of 40 per workweek in violation of and within the meaning of the N.Y. Lab. Law Article 6, §§ 190 *et seq.* and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142;

d.     whether Defendants failed to pay the proper minimum wages to the Class Representative and the NYLL Minimum Wage Class for all hours worked;

e.      whether Defendants had a policy or practice of failing to provide adequate notice of their payment of a reduced minimum wage to the Class Representative and the NYLL Minimum Wage Class;

f.      what notice is required in order for Defendants to take a tip credit under New York State Department of Labor regulations;

g.      at what common rate, or rates subject to common methods of calculation, was Defendants required to pay the Class Representative and the NYLL Minimum Wage Class for their work;

h.      whether Defendants misappropriated tips from the Class Representative and the NYLL Tip Class by demanding, handling, distributing, accepting, and/or retaining tips paid by customers that were intended for the Class Representative and the NYLL Tip Class, and which customers reasonably believed to be tips for the Class Representative and the NYLL Tip Class;

i.      whether since April 9, 2011, Defendants have failed to furnish the Class Representative and Wage Statement Class with an accurate statement of, *inter alia*, wages, hours worked, and rates paid each workweek as required by N.Y. Lab. Law § 195;

j.      whether since April 9, 2011, Defendants have failed to furnish the Class Representative and Wage Notice Class with a notice at the time of hiring required by N.Y. Lab. Law  § 195;

k.      the nature and extent of Rule 23 Class-wide injury and the appropriate measure of damages sustained by the Class Representative and the Rule 23 Class;

l.      whether Defendants failed to keep an accurate statement of wages, hours worked, rates paid, gross wages, and the claimed tip allowance, as required by the Wage Theft Protection Act;

m.      whether Defendants acted willfully or with reckless disregarding in its failure to pay the Plaintiffs and the Rule 23 Class; and

n.      the nature and extent of class-wide injury and the measure of damages for those injuries.

82.     Defendants have acted or refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class was a whole.

## CLASS-WIDE FACTUAL ALLEGATIONS

83.     Plaintiffs and the members of the FLSA Collective and Rule 23 Class (collectively "Class Members") have been victims of Defendants' common policy and plan that has violated their rights under the FLSA by requiring car wash laborers to work in excess of 40 hours per week and denying them overtime compensation for all overtime hours worked and failing to pay the proper minimum wage for all hours worked. At all times relevant, Defendants' unlawful policy and pattern or practice has been willful.

84.     All of the work performed by Class Members was assigned by Defendants and/or Defendants were aware of all the overtime work that Plaintiffs Nunes, Canales, and Class Members performed.

85.     Upon information and belief, Defendants have a policy and pattern or practice to require Plaintiffs Nunes, Canales, and Class Members to work in excess of 40 hours per week.

86.     Defendants failed to pay Plaintiffs Nunes, Canales, and Class Members time and one half for all hours worked over 40 in a workweek in violation of the FLSA.

87.     Upon information and belief, Defendants have a policy and pattern or practice of failing to provide proper notice to Plaintiffs and Class Members prior to taking a tip-credit from their minimum wages for all hours worked in violation of the FLSA and NYLL.

88.     Defendants failed to pay Plaintiffs and Class Members the proper minimum wage for all hours worked in violation of the FLSA and NYLL.

89.     Defendants unlawfully retained Plaintiffs and Class Members' tips in violation of the NYLL.

90.     Defendants failed to furnish Plaintiffs and Class Members with an accurate statement of, *inter alia*, wages, hours worked, and rates paid as required by NYLL.

91.     Defendants failed to furnish Plaintiffs and Class Members with the annual notice required by NYLL.

92.     As part of its regular business practice, Defendants intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy that violates the FLSA.  Defendants' policy and pattern or practice includes but is not limited to:

a.     Willfully failing to pay its employees, including Plaintiffs Nunes, Canales, and Class Members, overtime wages for all of the hours that they worked in excess of 40 per workweek;

b.     Willfully failing to pay its employees, including Plaintiffs and Class Members, the proper minimum wages for all hours worked;

c.     Willfully failing to record all of the time that its employees, including Plaintiffs and Class Members, worked for the benefit of Defendants; and

d.     Willfully failing to keep payroll records.

93.     Defendants were or should have been aware that the FLSA and NYLL required it to pay their car wash laborers premium overtime pay for all hours worked in excess of 40 per week.

94.     Defendants' failure to pay Plaintiffs Nunes, Canales, and Class Members overtime wages for their work in excess of 40 hours per week was willful, intentional, and in bad faith.

95.     Defendants were or should have been aware that the FLSA and NYLL required it to provide their car wash laborers proper notice prior to paying a tip-credited minimum wage.

16

96.     Defendants were or should have been aware that the FLSA and NYLL required it to pay their car wash laborers the proper minimum wage for all hours worked as a result of their failure to provide their car was laborers notice.

97.     Defendants were or should have been aware that the NYLL does not permit Defendants to unlawfully misappropriate their car wash laborers tips and retain a portion of the car wash laborers' tips for Defendants.

98.     Defendants' failure to pay Plaintiffs and Class Members the proper minimum wages for all hours worked was willful, intentional, and in bad faith.

99.     Defendants were or should have been aware of the FLSA and NYLL's record keeping requirements.

100.    Defendants' failure to comply with the FLSA and NYLL's record keeping requirements was willful, intentional, and in bad faith.

101.    Defendants' unlawful conduct has been widespread, repeated, and consistent.

## INDIVIDUAL FACTUAL ALLEGATIONS
*Urbano Ortiz Nunes*

102.    Plaintiff Nunes was employed by Defendants from in or about January 2008 through May 2016 and again from August 2016 through the present.

103.    Plaintiff Nunes has been an employee of Defendants working under their direct supervision.

104.    At all times hereinafter mentioned, Plaintiff Nunes was required to be paid overtime pay by Defendants at the statutory rate of 1 and 1/2 times, his regular rate of pay after he had worked 40 hours in a workweek.

17

105.    During most workweeks between January 2008 and May 2016 and August 2016 through the present, Plaintiff Nunes worked approximately 50 hours, while employed by Defendants.

106.    Defendants failed to compensate Plaintiff Nunes for time worked in excess of 40 hours per week at a rate of at least 1 and 1/2 times his regular hourly rate throughout the entire term of his employment with Defendants.

107.    Defendants failed to provide notice to Plaintiff Nunes that a tip credit would be applied to his minimum wage.

108.    Defendants failed to compensate Plaintiff Nunes at no less than the full minimum wage rate for all hours worked throughout his employment for Defendants.

109.    Defendants unlawfully misappropriated Plaintiff Nunes' tips each workday throughout his employment for Defendants.

110.    Defendants failed to furnish Plaintiff Nunes with a wage notice in 2012 through 2014 as was required by the NYLL.

111.    Defendants failed to furnish Plaintiff Nunes with an accurate statements of wages listing hours worked, rates paid, gross wages, allowances and deductions taken, and net wages paid.

112.    Upon information and belief, Defendants did not keep accurate records of hours worked by Plaintiff Nunes.

*Oscar Canales*

113.    Plaintiff Canales was employed by Defendants from in or about 2004 through the present.

114.    Plaintiff Canales has been an employee of Defendants working under their direct supervision.

18

115.    At all times hereinafter mentioned, Plaintiff Canales was required to be paid overtime pay by Defendants at the statutory rate of 1 and 1/2 times, his regular rate of pay after he had worked 40 hours in a workweek.

116.    During most workweeks between approximately 2004 and November 2011, Plaintiff Canales worked approximately 50 hours, while employed by Defendants.

117.    Defendants failed to compensate Plaintiff Canales for time worked in excess of 40 hours per week at a rate of at least 1 and 1/2 times his regular hourly rate between 2004 and November 2011.

118.    Defendants failed to provide notice to Plaintiff Canales that a tip credit would be applied to his minimum wage throughout his employment for Defendants.

119.    Defendants failed to compensate Plaintiff Canales at no less than the full minimum wage rate for all hours worked throughout his employment for Defendants.

120.    Defendants unlawfully misappropriated Plaintiff Canales' tips each workday throughout his employment for Defendants.

121.    Defendants failed to furnish Plaintiff Canales with a wage notice in 2012 through 2014 as was required by the NYLL.

122.    Defendants failed to furnish Plaintiff Canales with an accurate statements of wages listing hours worked, rates paid, gross wages, allowances and deductions taken, and net wages paid throughout his employment for Defendants.

123.    Upon information and belief, Defendants did not keep accurate records of hours worked by Plaintiff Canales.

*Pedro Antonio Portillo Romero*

124.    Plaintiff Romero was employed by Defendants from in or about 2007 until in or about 2012 and again from in or about December 2015 through the present.

125.    Plaintiff Romero is an employee of Defendants working under their direct supervision.

126.    Defendants failed to provide notice to Plaintiff Romero that a tip credit would be applied to his minimum wage.

127.    Defendants paid Plaintiff Romero the tip-credited minimum wage for non-tipped work including time Plaintiff spent detailing cars and driving cars to and from car dealerships.

128.    Defendants failed to compensate Plaintiff Romero at no less than the full minimum wage rate for all hours worked.

129.    Defendants unlawfully misappropriated Plaintiff Romero's tips each workday throughout his employment for Defendants.

130.    Defendants failed to furnish Plaintiff Romero with a wage notice in 2012 as was required by the NYLL.

131.    Defendants failed to furnish Plaintiff Romero with an accurate statements of wages listing hours worked, rates paid, gross wages, allowances and deductions taken, and net wages paid.

132.    Upon information and belief, Defendants did not keep accurate records of hours worked by Plaintiff Romero.

***Hember Gonzalez Escobar***

133.    Plaintiff Escobar has been employed by Defendants from in or about May 2012 until in or about the present.

134.    Plaintiff Escobar is an employee of Defendants working under their direct supervision.

135.    Defendants failed to provide notice to Plaintiff Escobar that a tip credit would be applied to his minimum wage.

136.    Defendants failed to compensate Plaintiff Escobar at no less than the full minimum wage rate for all hours worked.

137.    Defendants unlawfully misappropriated Plaintiff Escobar's tips each workday throughout his employment for Defendants.

138.    Defendants failed to furnish Plaintiff Escobar with a wage notice in 2013 and 2014 as was required by the NYLL.

139.    Defendants failed to furnish Plaintiff Escobar with an accurate statements of wages listing hours worked, rates paid, gross wages, allowances and deductions taken, and net wages paid.

140.    Upon information and belief, Defendants did not keep accurate records of hours worked by Plaintiff Escobar.

**FIRST CAUSE OF ACTION**
**FLSA – Overtime Wages**
**(Brought on behalf of Plaintiff Nunes and the FLSA Collective)**

141.    Plaintiff Nunes realleges and incorporates by reference all allegations in all preceding paragraphs.

142.    Defendants employed Plaintiff Nunes and the FLSA Collective for workweeks longer than 40 hours and willfully failed to compensate Plaintiff Nunes the FLSA Collective for the time worked in excess of 40 hours per week, at a rate of at least 1 and 1/2 times the regular hourly rate, in violation of the requirements of Section 7 of the FLSA, 29 U.S.C. § 207(a)(1).

143.    The complete records concerning the number of hours worked by Plaintiff Nunes the FLSA Collective as well as the compensation Plaintiff Nunes the FLSA Collective received in workweeks in which excess hours were worked are in the exclusive possession and control of Defendants, and as such, Plaintiff is unable to state at this time the exact amount due and owing to them.

144.    Plaintiff Nunes has expressed his consent to make these claims against Defendants by filing a written consent form, pursuant to 29 U.S.C. § 216(b).  (*See* Exhibit "A," annexed hereto).

145.    As a consequence of the willful underpayment of wages, alleged above, Plaintiff Nunes the FLSA Collective have incurred damages thereby and Defendants are indebted to them in the amount of the unpaid overtime compensation, together with interest and liquidated damages, in an amount to be determined at trial.

<u>SECOND CAUSE OF ACTION</u>
**NYLL – Unpaid Overtime**
**(Brought on behalf of Plaintiffs Nunes, Canales**
**and the members of the NYLL Overtime Class)**

146.    Plaintiffs Nunes and Canales reallege and incorporate by reference all allegations in all preceding paragraphs.

147.    Defendants employed Plaintiffs Nunes, Canales, and the NYLL Overtime Class for workweeks longer than 40 hours and willfully failed to compensate Plaintiffs Nunes, Canales, and the NYLL Overtime Class for the time worked in excess of 40 hours per week, at a rate of at least 1 and 1/2 times the regular hourly rate, in violation of the requirements of the NYLL.

148.    By the course of conduct set forth above, Defendants have violated N.Y. Lab. Law § 650, *et seq.*; 12 N.Y.C.R.R. § 142-2.2.

149.    Defendants have a policy and practice of refusing to pay overtime compensation to Plaintiffs Nunes, Canales, and the NYLL Overtime Class.

150.    Defendants' failure to pay overtime compensation to Plaintiffs Nunes, Canales, and the NYLL Overtime Class was willful within the meaning of N.Y. Lab. Law § 663.

151.    As a consequence of the willful underpayment of wages, alleged above, Plaintiffs Nunes, Canales, and the NYLL Overtime Class have incurred damages thereby and Defendants are indebted to them in the amount of the unpaid overtime compensation and such other legal and equitable relief due to Defendants' unlawful and willful conduct, as the Court deems just and proper.

152.    Plaintiffs Nunes, Canales, and the NYLL Overtime Class seek recovery of liquidated damages, attorneys' fees, and costs to be paid by the defendants as provided by the NYLL.

### THIRD CAUSE OF ACTION
### FLSA – Failure to Pay Minimum Wage
### (Brought on behalf of Plaintiffs and the members of the FLSA Collective)

153.    Plaintiffs, on behalf of themselves and the FLSA Collective, reallege and incorporate by reference all allegations in all preceding paragraphs.

154.    At all relevant times, Plaintiffs and the FLSA Collective were Defendants' employees within the meaning of 29 U.S.C. § 203(e)(1).

155.    At all relevant times, Defendants were Plaintiffs and the FLSA Collective's employers within the meaning of 29 U.S.C. § 203(d).

156.    At all relevant times, Plaintiffs, the FLSA Collective, and Defendants were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. § 206(a).

157.    At all relevant times, the applicable federal minimum wage is codified by 29 U.S.C. § 206(a)(1).

158.    Defendants willfully failed to pay Plaintiffs and the FLSA Collective the full minimum wages for all hours worked, in violation of FLSA, 29 U.S.C. § 206(a).

159.    As a consequence of the willful underpayment of wages, alleged above, Plaintiffs and the FLSA Collective have incurred damages thereby and Defendants are indebted to them in the amount of the unpaid overtime compensation, together with interest and liquidated damages, in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
**NYLL – Failure to Pay Minimum Wage**
**(Brought on behalf of Plaintiffs and the members of the NYLL Minimum Wage Class)**

160.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

161.    At all times relevant to this action, the state minimum wage was $7.25 per hour on and after July 24, 2009; $8.00 per hour on and after December 31, 2013; $8.75 per hour on and after December 31, 2014; and $9.00 per hour on and after December 31, 2015, as codified by N.Y. Lab. Law § 652(1); 12 N.Y.C.R.R. § 142-2.1.

162.    Defendants willfully violated Plaintiffs' and the NYLL Minimum Wage Class' rights by failing to pay Plaintiffs and the NYLL Minimum Wage Class the minimum wage for all hours of work performed each week, in violation of N.Y. Lab. Law §  650 *et seq.*

163.    Due to Defendants' NYLL violations, Plaintiffs and the NYLL Minimum Wage Class are entitled to recover from Defendants their unpaid regular wages, liquidated damages, reasonable attorneys' fees, and costs of this action pursuant to N.Y. Lab. Law § 663(1).

**FIFTH CAUSE OF ACTION**
**NYLL – Tip Misappropriation**
**(Brought on behalf of Plaintiffs and the NYLL Tip Class)**

164.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

165.    At all times relevant, Plaintiffs and the members of the NYLL Tip Class have been employees within the meaning of NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

166.    At all times relevant, each Defendant has been an employer within the meaning of the NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

167.    The wage payment provisions of Article 6 of the NYLL, and the supporting New York State Department of Labor Regulations, apply to Defendants, and protect Plaintiffs and the members of the NYLL Tip Class.

168.    Defendants unlawfully demanded or accepted, directly or indirectly, part of the tips received by Plaintiffs and the members of the NYLL Tip Class in violation of NYLL, Article 6, § 196-d, and the supporting New York State Department of Labor Regulations.

169.    Defendants unlawfully retained part of the tips earned by Plaintiffs and the members of the NYLL Tip Class each workday in violation of NYLL, Article 6, § 196-d, and the supporting New York State Department of Labor Regulations.

170.    Defendants required Plaintiffs and the members of the NYLL Tip Class to share part of the tips they received with Defendants, in violation of NYLL, Article 6 § 196-d, and the supporting New York State Department of Labor Regulations.

171.    Through their knowing or intentional demand for, acceptance of, and/or retention of tips received by Plaintiffs and the members of the NYLL Tip Class, Defendants have willfully violated the NYLL, Article 6, § 196-d, and the supporting New York State Department of Labor Regulations, including, but not limited to, the regulations in 12 N.Y.C.R.R. Part 137 and Part 146.

172.    Due to Defendants' willful violations of the NYLL, Plaintiffs and the members of the NYLL Tip Class are entitled to recover from Defendants the value of the misappropriated tips, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

26

## SIXTH CAUSE OF ACTION
### NYLL – Notice and Record-Keeping Requirement Violation
### (Brought on behalf of Plaintiffs and the members of
### the Wage Notice and Wage Statement Classes)

173.     Plaintiffs, on behalf of themselves and the Wage Notice and Wage Statement Classes, reallege and incorporate by reference all allegations in all preceding paragraphs

174.     Defendants failed to supply Plaintiffs and the members of the Wage Notice Class notice as required by N.Y. Lab. Law § 195, in English or in the language identified by Plaintiffs and the members of the Wage Notice Class as their primary language, containing Plaintiffs' and the members of the Wage Notice Class' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with N.Y. Lab. Law § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

175.     Defendants failed to supply Plaintiffs and the members of the Wage Statement Class with an accurate statement of wages as required by N.Y. Lab. Law § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

176.     Due to Defendants' violations of N.Y. Lab. Law § 195, for each workweek that Defendant failed to provide a proper wage notice at the time of hiring from April 9, 2011 through February 26, 2015, Plaintiffs and members of the Wage Notice Class are each entitled to damages of $50, or a total of $2,500 per class member, as provided for by N.Y. Lab. Law § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

177.     Due to Defendants' violations of N.Y. Lab. Law § 195, for each day that Defendants failed to provide a proper wage notice at the time of hiring from February 26, 2015 through the present, Plaintiffs and members of the Wage Notice Class are entitled to damages of $50, or a total of $5,000 per class member, as provided for by N.Y. Lab. Law § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

178.     Due to Defendants' violations of N.Y. Lab. Law § 195, for each workweek that Defendants failed to provide a proper wage statement from April 9, 2011 through February 26, 2015, Plaintiffs and members of the Wage Statement Class are each entitled to damages of $100, or a total of $2,500 per class member, as provided for by N.Y. Lab. Law § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

179.     Due to Defendants' violations of N.Y. Lab. Law § 195, for each work day that Defendants failed to provide a proper wage statement from February 26, 2015 through the present, Plaintiffs and members of the Wage Statement Class are each entitled to damages of $250, or a total of $5,000 per class member, as provided for by N.Y. Lab. Law § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

**WHEREFORE**, Plaintiff Nunes, on behalf of himself and all others similarly situated, and Plaintiffs seek for the following relief:

A.      That, at the earliest possible time, Plaintiff Nunes be allowed to give notice to the FLSA Collective, or that the Court issue such notice, to all persons who are presently, or have at any time during the 3 years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by Defendants as car was laborers, or similarly situated positions. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.      Unpaid overtime pay and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C.      Unpaid overtime pay and liquidated damages permitted by law pursuant to the NYLL;

D.      Unpaid minimum wage and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

E.      Unpaid minimum wage pursuant and liquidated damages permitted by law pursuant to NYLL and the supporting Minimum Wage Order;

F.      Statutory damages for Defendants' violations of the notice and recordkeeping requirements pursuant to N.Y. Lab. Law § 195, reasonable attorneys' fees, costs and injunctive and declaratory relief as provided by N.Y. Lab. Law § 198;

G.      Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

H.      Designation of Plaintiff Nunes as the representative of the Rule 23 Class, and counsel of record as Class Counsel;

I.       Pre-judgment interest and post-judgment interest as provided by law;

J.       Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendants from continuing their unlawful practices;

K.       Attorneys' fees and costs of the action;

L.       Issuance of a declaratory judgment that the practices complained of in this action are unlawful under N.Y. Lab. Law § 190 *et seq.*;

M.       An injunction requiring Defendants to cease the unlawful activity described herein pursuant to N.Y. Lab. Law § 190 *et seq.*;

N.       Appropriate monetary relief for lost wages, as provided for by FLSA § 216(b) and NYLL § 215(d);

O.       Liquidated damages relating to lost wages, as provided for by FLSA § 216(b) and NYLL § 215(d);

P.       Reasonable incentive awards for Plaintiffs to compensate them for the time they spent attempting to recover wages for the Class and for the risks they took in doing so; and

Q.       Such other relief as this Court shall deem just and proper.

Dated: Melville, New York
       November 8, 2016

Respectfully submitted,

By:   */s/ Marijana Matura*
          Marijana Matura

**SHULMAN KESSLER LLP**
Troy L. Kessler
Marijana Matura
534 Broadhollow Road, Suite 275
Melville, New York 11747
Telephone: (631) 499-9100

*Attorneys for Plaintiffs and the*
*Putative FLSA Collective and*
*Rule 23 Class*